Harm v. Chicago City Ry. Co., 187 Ill. App. 71.

## Abstract of the Decision.

MASTER AND SERVANT, § 128*—*when servant's recovery for injuries resulting from want of glass in entrance door not sustained by evidence.* In an action by plaintiff against her employer for personal injuries resulting from want of a glass in a door at the entrance to the building where plaintiff in attempting to pass out on her way home from work placed her hand on the frame of the door and in exerting pressure to prevent it from closing and to open it her hand slipped and she fell through the opening, *held* that a verdict for plaintiff was not sustained by the evidence, it appearing the absence of the glass was so obviously apparent that her failure to observe the condition of the door could only be attributed to heedlessness on her part.

## John Harm, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 18,952.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

## Statement of the Case.

Action by John Harm, administrator of the estate of Helen Harm, deceased, against Chicago City Railway Company to recover damages for wrongfully causing the death of plaintiff's intestate, a child six years of age. The case was submitted to the jury upon counts in the declaration which severally alleged that defendant was negligent in the operation and management of a street car, in operating the car at a high rate of speed and in operating it at the place in question without giving any warning by bell or otherwise. Plaintiff recovered a verdict and judgment for fifteen hundred dollars. To reverse the judgment, defendant appeals.

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

JAMES G. CONDON and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

WILLIAM H. TATGE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence sustains recovery for death of child.* In an action against a street railway company to recover damages for the wrongful death of a child alleged to have resulted from the negligence of the defendant in operating a car so that it struck the child while it was playing in the street, *held* that a verdict for plaintiff was sustained by the evidence, it appearing that the car was running at a high rate of speed and that no gong was sounded or any warning given of the approach of the car.

2. STREET RAILROADS, § 116*—*when characterization by witnesses as to rate of speed competent.* In an action against a street railway company for wrongful death of a child, testimony of witnesses characterizing the speed of the car as "progressing very rapidly," as "going a little fast," as "going kind of swift," as "going pretty fast" and as "going fast," *held* competent.

---

### Clara Morris, Appellee, v. Harder's Fireproof Storage and Van Company and E. C. Luedeka, Appellants.

#### Gen. No. 18,970.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed May 20, 1914.

### Statement of the Case.

Action of trover by Clara Morris against Harder's Fireproof Storage and Van Company a corporation,

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.